```
           IN THE UNITED STATES DISTRICT COURT

               FOR THE DISTRICT OF MONTANA

                    GREAT FALLS DIVISION

JOE EDWARD GORDON,              )   Cause No. CV 04-109-GF-CSO
                                )
          Plaintiff,            )
                                )
     vs.                        )   FINDINGS AND RECOMMENDATION
                                )   OF U.S. MAGISTRATE JUDGE
CAPTAIN LEVESQUE; LT. MERTZ;    )
LT. STEWART; SGT. SALOIS,       )
                                )
          Defendants.           )
_____)
```

This is an action under 42 U.S.C. § 1983. Plaintiff Gordon is a state prisoner proceeding pro se. Until recently, he was incarcerated at Crossroads Correctional Center in Shelby, Montana, where the Defendants are employed and where the events underlying the lawsuit occurred.

On April 5, 2006, Defendants notified Gordon that they intended to depose him and asked him to choose between April 21, 2006, and May 26, 2006. See Def. Ex. A at 1. Gordon selected May 26. Def. Ex. B at 1. On April 13, 2006, Defendants filed and served a notice setting the deposition for May 26, 2006. See Notice (Court's doc. 27-2) at 1. Defense counsel and a court reporter traveled to Shelby for the deposition on May 26, but

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

then learned that Gordon was no longer incarcerated at Crossroads.

Defense counsel represents that Gordon was transferred to Montana State Prison on or about May 9, 2006.  <u>See</u> Def. Br. (Court's doc. 29) at 4.  Gordon did not alert defense counsel to this fact, despite the Court's clear direction that he must immediately inform the Court and defense counsel of any change in his address.

As a sanction for Gordon's failure to attend his deposition, Defendants ask the Court to dismiss his case with prejudice.  Defendants complied with D. Mont. L.R. 7.1(j).  <u>See</u> Def. Ex. E at 1-2.  In response to their inquiry as to whether Gordon opposed dismissal, Gordon stated, "I have no problem with you filing a motion to dismiss since in the move from Shelby to MSP all my legal documents on this case were lost.  I am not very happy about this loss."  Def. Ex. F at 1.  Gordon did not respond to the motion.

While the Court understands defense counsel's frustration, dismissal with prejudice is not adequately supported.  Defendants request the harshest possible sanction, dismissal with prejudice, though their Rule 7.1(j) letter only asked Gordon if he objected to "dismissal."  Gordon was warned that his case might be dismissed if he failed to inform the Court and defense counsel of any change in his address, <u>see</u> Scheduling Order (Court's doc. 18)

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

at 3, ¶ 5, but he was not specifically informed that his case might be dismissed *with prejudice*. That provision of the Scheduling Order alerts litigants that it is their responsibility, not the Court's or opposing counsel's, to keep their contact information current, and it notifies litigants that adverse action may be taken without notice to them if they cannot be contacted. See also D. Mont. L.R. 5.5.

Moreover, a prisoner generally has no control over whether, when, where, or under what conditions he will be transferred. There is no documentary evidence in the record showing when Gordon was informed that he would be transferred, when he expected to be transferred, or how much time he had to contact the Court and defense counsel to provide his new address before or after his transfer. Nor can the Court find it "unlikely," see Def. Br. at 4, that Gordon lost all of his legal papers in the transfer, as that assertion is frequently made by transferred prisoners.

Under these circumstances, dismissal with prejudice would be unduly harsh. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances."); Pagtalunan v. Galaza, 291 F.3d 639, 641-42 (9th Cir. 2003) (affirming dismissal with prejudice after district court gave petitioner two opportunities to amend, dismissed with prejudice, was reversed by

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

circuit, then considered and rejected late objections to magistrate judge's recommendation).

In view of the Court's Order authorizing Gordon's deposition, his failure to appear, his apparent concession that dismissal is appropriate, and his failure to respond to Defendants' motion, sanction under Fed. R. Civ. P. 16(f) is warranted.  While the public's interest in the disposition of matters on their merits always weighs against dismissal, see Pagtalunan, 291 F.3d at 643, Defendants are prejudiced in their investigation and defense of the case by their inability to depose Gordon, id. at 642-43, no alternatives less drastic than dismissal appear viable in light of Gordon's forma pauperis status, id. at 643, and litigants who do not obey the Court's orders disrupt the Court's handling of other matters by consuming time and resources needed by litigants who do follow the Court's orders, id. at 642 (citing both public's interest in expeditious resolution and court's need to manage its docket).  Dismissal without prejudice is appropriate.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

Defendants' motion to dismiss (Court's doc. 28) should be GRANTED.  Gordon's case should be DISMISSED WITHOUT PREJUDICE.

The Clerk of Court shall serve a copy of the Findings and

Recommendation of the United States Magistrate Judge upon the parties.  The parties are advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days after the entry date reflected on the Notice of Electronic Filing, or objection is waived.

Plaintiff must immediately notify the Court and counsel for the Defendants of any change of address.  Failure to do so may result in dismissal of this case without further notice.

DATED this 18th day of July, 2006.

/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge